## RECTANGLE RANCHE CO. v. BOARD OF COMMISSIONERS FOR BURAS LEVEE DIST.

### No. 8701.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1938.

Claude L. Johnson, of New Orleans, La., for appellant.

A. Giffen Levy and L. H. Perez, both of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

By a petition filed January 25, 1936, and exhibiting the requisite diversity and amount, plaintiff, in support of its claim of title to the lands described in its bill, invoked the federal equity jurisdiction.

The claim was that under the provisions of Act No. 18 of 1894 of the General Assembly of the State of Louisiana the described lands had inured to the defendant board, and that plaintiff was the equitable owner of them by virtue of the board's earlier conveyance to one Lacey, Lacey to Buck, and Buck to plaintiff.

On February 13, 1936, defendant filed its motion to dismiss the bill of complaint, "as expressing no cause of action cognizable in equity." This motion was sustained, and plaintiff was given leave to amend. On April 15, 1936, it filed an amended petition, setting out, not differently, but more fully, the source and basis of its title. Defendant's motion for better particulars overruled, and plaintiff's petition further amended, defendant, on April 20, 1937, moved to dismiss "because this suit does not really and substantially involve a suit or controversy within the jurisdiction of this court, for the following reasons."

There followed reasons (1), (2), and (3) in substance that plaintiff had long prior to the filing of its petition conveyed its interest

in the property in suit to one Emil Rose; (4) because the case is moot, and involves no actual rights; (5) because the court is without jurisdiction.

Despite plaintiff's motion to strike, and objections, in substance, that defendant's effort was by preliminary motion to try the cause on its merits, that its motion does not raise any jurisdictional question, and that it should be determined not on evidence, but on the face of the bill, defendant, in support of its motion, offered documentary evidence as to agreements and conveyances with, and to, E. J. Rose, and court proceedings brought by plaintiff long prior to the filing of the suit. As a result of this hearing, the order appealed from was entered on September 3, 1937:

"This cause came on a former day for hearing on motion to dismiss, filed April 20, 1937, by defendant, and was duly heard, was argued by counsel and submitted, and the Court took time to consider; for the reasons orally assigned—

"It is Ordered, Adjudged and Decreed, that the motion to dismiss herein filed by defendant on April 20, 1937, be and the same is hereby maintained and accordingly,

"It is Ordered, Adjudged and Decreed, that this cause be and the same is, hereby dismissed at complainant's cost."

Appellant insists that the order was improvidently entered, because, though entered upon the motion to dismiss for want of jurisdiction, it is in effect an adjudication on the merits that plaintiff has parted with and therefore has no title.

Appellee argues here, as it did below, that the deed to and contract with Rose, it offered, rendered the controversy moot. It insists that the order was correctly entered, and should be affirmed.

■ We do not think so. From the briefs of appellee here and from the proceedings below, it is quite plain that the petition was dismissed not because of the view that it failed to state a cause of action, but because of the insistence in the motion and in the argument in support of it that the deed to Rose made before the suit was filed had rendered the controversy moot.

We agree with appellant that the effect of this ruling was to determine, the merits against it, not after a hearing, but upon a preliminary motion. As the plaintiff's bill stood, it presented a real controversy within the jurisdiction of the court, the determination of which required a hearing on the merits, or at least a determination of whether there was equity in the bill. The motion the court sustained was a motion to dismiss, not for want of equity in the bill, but for want of jurisdiction. None of the matters presented in the motion went to or affected the court's jurisdiction. It was error to sustain it.

■ It will not do, as appellee argues, to urge upon us that the bill ought to have been and was dismissed for want of equity. It is perfectly clear that it was not. On its face the order in terms declares that the bill was dismissed because the motion of April 20, 1937, to dismiss for want of jurisdiction, was sustained.

We do not decide, the matter is not properly before us for decision, whether, if the matters relied on by defendant were all set out in the bill, a cause of action in equity would be stated. We merely decide that it was error to dismiss the bill for want of jurisdiction, and we remand the cause for further and not inconsistent proceedings. We make no direction as to, or limitation upon, the further action of the court, except that the case may not be dismissed for want of jurisdiction, but must be retained to be determined on its merits as they appear from the bill and the proofs, if any, offered in its support.

Reversed and remanded.